THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DIAMONDBACK INDUSTRIES, INC., | § § § § | |
| *Plaintiffs*, | | |
| vs. | § § § | CASE NO. 6:19-CV-00034-ADA (Consolidated with 6:19-CV-00036-ADA) |
| REPEAT PRECISION, LLC; NCS MULTISTAGE, LLC; and NCS MULTISTAGE HOLDINGS, INC., | § § § § § | |
| *Defendants*. | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED FINAL JUDGMENT**

Defendants Repeat Precision, LLC, NCS Multistage, LLC, and NCS Multistage Holdings, Inc. (collectively, "Defendants") file this Response to Plaintiff's Objections to Defendants' Proposed Final Judgment as follows:

**A.   The Court's Notice Provisions in the Injunction Are Appropriate and Necessary In Light of Diamondback's History of Misconduct.**

1.   When Defendants filed their request for injunctive relief requiring Diamondback Industries, Inc. ("Diamondback") to provide notice of its potentially-infringing future conduct, Defendants explained why this proactive approach was necessary. *See* ECF180 at 5-7. Diamondback willfully infringed Repeat Precision's rights, engaged in malicious and intentional conduct to harm Repeat Precision, and repeatedly lied to customers to prevent Repeat Precision from obtaining the benefits it was entitled to receive under the License. *See, e.g.,* ECF174 at FOF ¶¶31-34, 36-37, 139-146, 158-190. Diamondback also showed a flagrant disregard for the Court, with its CEO repeatedly making false statements under oath and authorizing the filing of baseless claims against Defendants. *See, e.g.,* ECF174 at FOF ¶¶10-38, 215-243, COL ¶¶236-246. The

1

suggestion that the Court should trust Diamondback not to target Repeat Precision again is nonsensical. Diamondback has no credibility left. Its assurances that it will not infringe again ring hollow. The Court has ample discretion to enter the injunction that was adopted in the Court's Findings of Fact and Conclusions of Law to provide meaningful protections to Repeat Precision in light of what Diamondback admitted it has done in the past.

2. Diamondback has cited no legal authorities that undermine this Court's discretion to enter the injunction stated in the Findings of Fact and Conclusions of Law. *Valmet Paper Machinery, Inc. v. Beloit Corp.*, 895 F. Supp. 1158, 1174 (W.D. Wisc. 1995), is a case where the district court declined to exercise its discretion to impose a proactive notice provision in the injunction "in the absence of a finding of willfulness by the jury." *Id.* Likewise, *Mead Westvaco v. Rexam*, 2012 WL 2153165 (E.D. Va. 2012), did not involve any misconduct of the type at issue in this case or in the authorities Defendants cited to support their injunction request. *See* ECF180. The fact that two district courts declined to enter notice requirements in injunctions involving run-of-the-mill infringement claims has no bearing on the injunction necessary to insure that Diamondback does not continue its malicious campaign against Repeat Precision.

3. Diamondback's complaints regarding the terms used to define when notice is required also ring hollow. Defendants identified a few, easily-identifiable elements from the '035 Patent that could be used to determine when Diamondback was getting close to the line of infringement in its attempts to design-around the rights in voluntarily granted to Repeat Precision. Diamondback completely misses the point of the notice provision when it says that the provision is "tantamount to the Court establishing a claim construction without following its own *Markman* procedures" and would result in a determination "whether a new product by Diamondback falls within the scope of the '035 patent through a contempt proceeding." ECF200 at 10. The notice

provision neither prejudges the meaning of any claim terms nor suggests that contempt would be immediately available when Diamondback approaches the line of infringement. Instead, notice gives the parties a chance to take appropriate action, if necessary, to prevent against future infringements. In light of Diamondback's targeted campaign against Repeat Precision, which is particularly offensive in light of the License's express requirement to cooperate, *see* Ex. 1 at ¶13.3, Repeat Precision should not be forced to wait for Diamondback to once again infringe and disrupt the market before having a chance to protect its own rights. The notice provision strikes a fair balance to enable Repeat Precision to protect its rights while maintaining due process protections for Diamondback before it may be held accountable for future actions.[1]

4.   Diamondback ignores the history of this case when it repeatedly references the fact that there was no *Markman* hearing, as if that supports Diamondback's request for a lighter sentence for its misconduct. *See* ECF200 at 5, 7, 9, & 10. At the very first hearing in this case, the Court expressed its preference: "My plan would be to set a *Markman* hearing for just as soon as you guys would agree you could be ready for one." Hearing Tr. (Feb. 6, 2019) at 6. Diamondback's counsel responded first, explaining: "I don't think there is a need for a *Markman* hearing." *Id.* at 21. Diamondback's counsel continued by admitting that the parties were both practicing the claims of the '035 patent. *Id.* Diamondback should not be allowed to use its tactical decision to skip a *Markman* hearing to limit the scope of the injunction imposed on Diamondback to address its willful infringement.

**B.   The Court Should Award Enhanced Damages on Diamondback's Sales in 2020.**

5.   Defendants have consistently requested enhanced damages under 35 U.S.C. §284 on all of the damages awarded against Diamondback on Repeat Precision's patent infringement

---

[1] The notice provision also ensures that Repeat Precision is given notice of Diamondback's new patents and patent applications for similar products, as expressly required under the License. See Ex. 1 at ¶¶3.1 & 3.2.

claim. Within hours of Diamondback disclosing the volume of its infringing sales in 2020, Defendants filed a notice with the Court renewing their request enhanced damages on those sales too. The suggestion that Defendants did not timely request enhanced damages is absurd. *See* ECF200 at 2.

6. The volume of Diamondback sales in 2020 speaks for itself. After the Court explained that the License granted exclusive rights to Repeat Precision and after the Court rejected Diamondback's primary defense of mutual mistake, Diamondback succeeded in having some of its best sales months ever. Indeed, Diamondback does not deny that a significant volume of these sales occurred even after the case went to trial in late January 2020. In footnote 4, Diamondback even faults Repeat Precision for not seeking a preliminary injunction "to preclude Diamondback from practicing the '035 patent during litigation." ECF200 at 12. Far from being irrelevant (*see id.* at 15 n.5), Diamondback's actions to grow its sales in light of this Court's prior orders are further evidence of Diamondback's willful infringement.

7. The arguments being raised by Diamondback in response to Defendants' proposed Final Judgment are consistent with the attitude Diamondback has taken throughout this case. Diamondback's arguments are those of an unrepentant infringer. Enhanced damages should be awarded.

**C.   The Court Has Already Correctly Held that Repeat Precision Had the Right to Sue Diamondback for Patent Infringement.**

8. In its final argument, Diamondback asks this Court to revisit its decision from September 11, 2019, holding that Repeat Precision had the right to sue Diamondback for patent infringement. ECF89. Diamondback bases its objection on a Federal Circuit decision, *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1230 (Fed. Cir. 2019), which was issued before Diamondback filed its prior motion to dismiss (ECF69) and more than three months

before this Court's decision on Diamondback's motion (ECF89).  *Lone Star* is not new authority warranting revisiting of the Court's prior decision.

9. Moreover, *Lone Star* does not support Diamondback's arguments.  In *Lone Star*, the Federal Circuit recognized that a licensee had standing to sue for patent infringement so long as the patent holder was a party to the case.  *See* 925 F.3d at 1235-39.  In a case where the patent holder was not joined, the Federal Circuit held the remedy was to determine whether the patent holder could be joined.  *Id.*  The Court did not prevent the licensee from pursuing claims for patent infringement.  Moreover, nothing in *Lone Star* even begins to address the rights of an exclusive licensee to sue a licensor for infringement.  *Id.*  *Lone Star* does not conflict with the judgment Defendants have requested.

For the foregoing reasons, Diamondback's objections should be overruled.

Date:  March 24, 2020    Respectfully submitted,

/s/ W. Scott Hastings
W. Scott Hastings
  Texas State Bar No. 24002241
  *shastings@lockelord.com*
Charles E. Phipps
  Texas State Bar No. 00794457
  *cphipps@lockelord.com*
Paul F. Schuster
  Texas State Bar No. 00784931
  *pschuster@lockelord.com*
Anna K. Finger
  Texas State Bar No. 24105860
  *anna.k.finger@lockelord.com*

LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201
(214) 740-8000 Telephone
(214) 740-8800 Facsimile

**ATTORNEYS FOR REPEAT PRECISION, LLC, NCS MULTISTAGE, LLC, AND NCS MULTISTAGE HOLDINGS, INC.**

J. Hoke Peacock, III
  Texas State Bar No. 15673980
  *tpeacock@susmangodfrey.com*
Shawn L. Raymond
  Texas Bar No. 24009236
  *sraymond@susmangodfrey.com*
Krisina J. Zuniga
  Texas Bar No. 24098664
  *kzuniga@susmangodfrey.com*

SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 1000
Houston, Texas 77002
Telephone: (713) 653-7808

**ATTORNEYS FOR REPEAT PRECISION, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2020, I served the foregoing reply on all counsel of record via the Court's ECF system and/or via email.

Decker A. Cammack
Mack Ed Swindle
David A. Skeels
Whitaker Chalk Swindle & Schwartz PLLC
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
(817) 878-0501

John P. Palmer
Naman Howell Smith & Lee, PLLC
P.O. Box 1470
Waco, Texas 76703-1470
(254) 755-4100

J. Mitchell Little
Scheef & Stone, L.L.P.
2600 Network Blvd., Suite 400
Frisco, Texas 75034
(214) 472-2100

Paul V. Storm
Foley & Lardner, LLP
2021 McKinney Ave., Suite 1600
Dallas, Texas 75201
(214) 999-3000

David E. Keltner
Caitlyn E. Hubbard
 KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas  76102
(817) 878-3560

*/s/ W. Scott Hastings*
W. Scott Hastings