THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **DIAMONDBACK INDUSTRIES, INC.,** | § § § § | |
| **Plaintiff,** | | |
| vs. | § § § | CASE NO. 6:19-CV-00034-ADA (Consolidated with 6:19-CV-00036-ADA) |
| **REPEAT PRECISION, LLC; NCS MULTISTAGE, LLC; and NCS MULTISTAGE HOLDINGS, INC.,** | § § § § | |
| **Defendants.** | § | |

## Emergency Motion to Lift the FRCP 62(a) Stay

Given efforts of Diamondback Industries, Inc. ("Diamondback") to move assets—ostensibly to avoid having to pay all or any of the now-issued final judgment in this case—Repeat Precision, LLC ("Repeat Precision"), NCS Multistage, LLC ("NCSM"), and NCS Multistage Holdings, LLC ("NCSM-H") (collectively, "Movants") file this Motion to Lift the FRCP 62(a) Stay in order to discover further information regarding, and prevent any additional, improper transfers of Diamondback assets.

## I.
## Emergency Nature of Relief

1. This Court entered its Final Judgment (the "Judgment") on April 3, 2020. ECF205.

2. The Judgment includes an award of $39,946,902 plus attorneys' fees and court costs against Diamondback.

3. Pursuant to Federal Rule of Civil Procedure 62(a), execution on a judgment and proceedings to enforce it are stayed for thirty days after its entry, unless the Court orders otherwise. "[C]ourts are afforded the 'authority to dissolve the automatic stay.'" *Trustees of No. 142 Teamsters Union Pension Fund v. Actin, Inc.*, 2020 WL 1291674, at *1 (N.D. Ind. Mar. 17, 2020)

(quoting Fed. R. Civ. P. 62(a) advisory committee's note to 2018 amendment).  Moreover, the stay does not apply to the Court's injunctive relief.  Fed. R. Civ. P. 62(c).

4. Movants file this motion because they have a reasonable belief that Diamondback has taken, and will take, actions to try to shield Diamondback's assets from being available to satisfy this Court's judgment.  After Repeat Precision sued Diamondback for patent infringement on November 26, 2018, Diamondback had clear and unequivocal notice of Repeat Precision's claims.  *See* ECF186, FOF ¶155 & COL ¶¶58-59, 234.  Indeed, Diamondback knew (or should have known) that Repeat Precision held exclusive rights to the '035 Patent under the March 16, 2018 Patent License Agreement and its amendment (the "License") long before November 26, 2018.  *Id.* at FOF ¶¶99-102 & COL ¶78.  The clear and unequivocal language of the License grants Repeat Precision these rights.  *See id.*

5. Nonetheless, after Repeat Precision gave notice of its claims in November 2018, Diamondback not only proceeded to willfully infringe Repeat Precision's rights, *id.* at FOF ¶¶156-157 & COL ¶¶58-59, 78-79, but also began to transfer substantial Diamondback assets into another Drury-controlled entity (AKOE, LLC) in an obvious attempt to try to remove those assets from being subject to collection of the judgment.  In addition, it appears that Diamondback has used its assets to significantly improve a property once owned by Drury and now held by yet another Drury-controlled entity (ATAR, LLC).

6. Movants will pursue their claims to seek return of the properties that Diamondback or its CEO Derrek Drury have already transferred away from the company.  But in the meantime, given Diamondback's history of willful conduct and transfers of assets, the Court should lift the stay under Federal Rule of Civil Procedure 62(a) so that Movants may take discovery and reasonable steps to prevent Diamondback from transferring further assets outside of the ordinary

course of its business until such time as it has paid the judgment or bonded it by a supersedeas bond for the duration of any appeals.

## II.
## Relief Requested

7. Movants request that the Court lift the stay and:

   a. issue an abstract of judgment for filing in the real property records of any county in Texas or any other location in which Diamondback owns any interest in real property;

   b. allow Movants to issue expedited discovery to Diamondback, requiring Diamondback to answer and respond to the attached proposed written discovery attached hereto within fourteen (14) days, and allowing for the deposition of relevant Diamondback corporate representatives;

   c. allow Movants to issue expedited discovery to Derrek Drury, Laura Drury, Tonya Cheek, AKOE, and ATAR—individuals and entities related to Diamondback, requiring them to answer and respond to the attached written discovery attached hereto within fourteen (14) days, and allowing for the deposition of the individuals and relevant corporate representatives;

   d. allow Movants to issue expedited discovery to Benton Cantey (President), Reif Chron (CFO and General Counsel), Robert Boyce (COO), and Rob Andres (Senior Vice President of Ballistics Engineering and Product Development), officers of Diamondback, requiring them to answer and respond to the written discovery attached hereto within fourteen (14) days;

   e. allow Movants to issue other non-related third-party discovery as needed to ascertain information on any assets of Diamondback, or assets that Diamondback may have transferred;

   f. issue an injunction prohibiting Diamondback from disbursing any funds or assets outside of its ordinary course of business; and

   g. order an accounting of transactions outside the ordinary course of Diamondback's business from August 2018 to the present, specifically identifying every transaction involving AKOE, LLC, ATAR, LLC, Derrek Drury, Laura Drury, and Tonya Cheek.

## III.
## Exhibits

| | |
|---|---|
| Exhibit 1 | December 21, 2018 Deed from Diamondback to AKOE |
| Exhibit 2 | December 21, 2018 Deed from Diamondback to AKOE |
| Exhibit 3 | Tarrant County Appraisal District Records for AKOE property |
| Exhibit 4 | AKOE's Statement of Change of Registered Agent filed with the State of Texas and AKOE's Certificate of Formation filed with the State of Texas |
| Exhibit 5 | September 14, 2018 Deed from Drury to ATAR |
| Exhibit 6 | ATAR's Certificate of Formation filed with the State of Texas |
| Exhibit 7 | Trial Exhibit 580 |
| Exhibit 8 | Trial Transcript Excerpt |
| Exhibit 9 | Tarrant County Appraisal District Records for ATAR property |
| Exhibit 10 | Proposed discovery to Diamondback |
| Exhibit 11 | Proposed discovery to AKOE |
| Exhibit 12 | Proposed discovery to ATAR |
| Exhibit 13 | Proposed discovery to Derrek Drury |
| Exhibit 14 | Proposed discovery to Laura Drury |
| Exhibit 15 | Proposed discovery to Tonya Cheek |
| Exhibit 16 | Proposed discovery to Benton Cantey |
| Exhibit 17 | Proposed discovery to Reif Chron |
| Exhibit 18 | Proposed discovery to Robert Boyce |
| Exhibit 19 | Proposed discovery to Rob Andres |

## IV.
## Lifting the Automatic Stay

8. The 2018 Notes of the Advisory Committee for Federal Rule of Civil Procedure 62 acknowledge that, "Amended Rule 62(a) expressly recognizes the court's authority to dissolve the automatic stay . . . . One reason for dissolving the automatic stay may be a risk that the judgment debtor's assets will be dissipated." Other courts have recognized the district court's authority in this regard. *See Actin*, 2020 WL 1291674, at *1. And here, that risk of dissipation is present.

9. Diamondback and its CEO Derrek Drury's disregard for the truth is evidenced extensively in the Court's Findings of Fact and Conclusions of Law (ECF186). Diamondback attempted to use this Court to perpetuate false accusations against Movants, but instead got caught in a web of deceitful business practices.

10. Due to the imminent danger of losing assets post judgment, described in detail below, Movants ask this Court to grant the requested relief.

## V.
## Background and Argument

Real Property Transfers to AKOE, LLC and ATAR, LLC—Companies Controlled by Drury— and Diamondback-Funded Improvements Thereto

11. The Judgment encompasses claims that arose as early as August 17, 2018, *see* ECF 186 FOF ¶ 141, and is based on Diamondback's illegal conduct that occurred beginning in the fall of 2018 and through the trial in this case. ECF 186 FOF ¶¶138-214. Litigation began in November 2018. ECF 186 FOF ¶¶153 & 155.

12. Federal Rule of Civil Procedure 69(a)(1), which addresses the execution of a money judgment, provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located"—here, Texas. The Texas Uniform Fraudulent Transfer Act ("TUFTA") provides for the

recovery of assets or damages from third parties when a transfer made before or within a reasonable time after the claim arose is fraudulent—that is, made with the intent to hinder, delay, or defraud a creditor or without receiving reasonably equivalent value. *See* Tex. Bus. Com. Code 24.005(a). Furthermore, under Texas law, a transfer is fraudulent if the debtor made the transfer without receiving reasonably equivalent value and was insolvent at that time or became insolvent as a result of the transfer. *See* Tex. Bus. Com. Code § 24.006(a).

13. A review of real property records shows that Diamondback or Drury made at least two sets of property transfers significant to this case and Repeat Precision's recovery. First, on or about December 21, 2018—less than a month after Repeat Precision filed suit against Diamondback on November 26, 2018—and recorded a week later, Diamondback transferred real property to AKOE, LLC ("AKOE") described in two separate deeds as:

> (i) Lot 3, Block 2, West 20 Business Park, an addition to the City of Fort Worth, Tarrant County, Texas, according to the map or plat thereof recorded in Cabinet A, Slide 7141, Plat Records of Tarrant County; and
>
> (ii) Lot 4, Block 2, West 20 Business Park, an addition to the City of Fort Worth, Tarrant County, Texas, according to the map or plat thereof recorded in Cabinet A, Slide 7141, Plat Records of Tarrant County.

*See* Exs. 1 and 2, Deeds from Diamondback to AKOE. The Tarrant County Appraisal District has a 2019 appraised value of at least one of these properties (Lot 3, Block 2) at $1,067,368 (up from $787,556 in 2018). *See* Ex. 3. Diamondback's CEO Drury is listed in documents filed with the Texas Secretary of State as AKOE's president, and Drury and his wife are both listed as managers. *See* Ex. 4. These transfers from one Drury-controlled entity, Diamondback, to another Drury-controlled entity, AKOE, took place *after* Diamondback was on notice of Repeat Precision's claims, *after* Diamondback began willfully infringing Repeat Precision's rights, and *after*

6

Diamondback withheld power charges from Repeat Precision's customers and interfered with its client relationships. Indeed, they took place within the span of a month of the legal dispute arising.

14. Second, shortly before Diamondback initiated litigation against Repeat Precision, but *after* Diamondback had already started interfering with Repeat Precision's customer relationships, including with Hunting-Titan in September 2018, Drury transferred 100% of the property at 3824 Williamson Road, Crowley, Texas 76036—the address of Diamondback's corporate headquarters—to ATAR, LLC ("ATAR"). *See* Ex. 5. Drury is also listed as a manager of ATAR, as is his wife, Laura Drury. *See* Ex. 6, ATAR's Certificate of Formation filed with the State of Texas.

15. The legal description in the deed to ATAR identifies it as a ten-acre tract. *See* Ex. 5. Diamondback's own materials confirm that this is the location of Diamondback's facilities: "The 10 acre property consists of 9 buildings, 15 ATF regulated explosive magazines, multiple paved drive/walk ways, and several septic fields." *See* Ex. 7, Trial Ex. 580. Furthermore, Drury testified that Diamondback made improvements to the building in the form of a 20,000 square foot manufacturing facility. *See* Ex. 8, Trial Transcript pg. 47, lines 3-5. The Tarrant County Appraisal District indeed identifies an increase in value for this property from $2,008,016 in 2018 to $4,251,559 in 2019. *See* Ex. 9.

16. Again, this appears to be a Drury-controlled to Drury-controlled real property transfer, and property that was improved at Diamondback's expense. To the extent Diamondback funds were used to improve the facilities or land transferred to ATAR, Movants are entitled to obtain information from Drury and ATAR.

17. Diamondback, AKOE, and ATAR are connected by person and property with common ownership and/or control. Drury is the common link. Diamondback and Drury initiated

7

transfers while the dispute made the basis of this suit was ongoing. Movants are thus entitled to expedited discovery—including to third parties AKOE and ATAR—to obtain fair notice of asset transfers by and between these three companies, including potential others yet to be discovered. The information gathered thus far provides a reasonable basis for concluding the source of purchases and transfers of properties are connected to Diamondback and funded through its assets.

18.     As yet another common link, Tonya Cheek, Diamondback's Executive Vice President of Finance, was the notary on all of the deeds referenced above. *See* Exs. 1, 2, & 5. Discovery to Tonya Cheek is therefore also appropriate.

19.     Based on Diamondback's pattern and practice of unlawful actions as identified in this Court's Findings of Fact and Conclusions of Law (ECF186), Movants believe a proper basis exists to conclude that Diamondback has likely transferred more property out of its possession. Movants therefore request that the Court lift the stay and issue an abstract of judgment for filing in the real property records of any county in Texas or any other location in which Diamondback owns any interest in real property to stop further transfers.

20.     Additionally, and alternatively, Movants request that the Court lift the stay and allow expedited discovery, requiring Diamondback to answer and respond to the written discovery attached hereto as Exhibit 10 within fourteen (14) days and allowing for the deposition of any corporate representatives with knowledge of the information provided.

21.     Additionally, and alternatively, Movants request that the Court lift the stay and allow expedited discovery to Derrek Drury, Laura Drury, Tonya Cheek, AKOE, and ATAR, individuals and entities related to Diamondback, requiring them to answer and respond to the written discovery attached hereto as Exhibits 11, 12, 13, 14, and 15 within fourteen (14) days and allowing for the deposition of the individuals and relevant corporate representatives.

22.     Additionally, and alternatively, Movants request that the Court lift the stay and allow expedited discovery to Diamondback's other officers to ensure all available information regarding transfers and transactions made by Diamondback is available to movants. Specifically, Movants request the Court allow expedited discovery requiring Benton Cantey (President), Reif Chron (CFO and General Counsel), Robert Boyce (COO), and Rob Andres (Senior Vice President of Ballistics Engineering and Product Development), to respond to the written discovery attached hereto as Exhibits 16, 17, 18, and 19 within fourteen (14) days.

## VI.
## The Court Should Grant Injunctive Relief

23.     Without appropriate evidence from Diamondback of adequate assets or cash flow to pay the debt it owes to Movants, the automatic stay should be lifted to allow post-judgment injunctive relief.

24.     As identified above, Movants are concerned assets have been transferred from Diamondback to other entities and or individuals, including but not limited to AKOE and ATAR, entities controlled and managed by Drury and his wife. Texas law allows for injunctive relief to prohibit fraudulent transfers. Tex. Bus. & Comm. Code § 24.008(3)(a). Therefore, Movants seek an injunction against any disposition of assets outside the ordinary course of business by Diamondback because Movants have obtained a judgment on a claim against it.

25.     The Court should enjoin Diamondback from making any transfers outside of the ordinary course of business (including, but not limited to any payment to or on behalf of any individual or entity for anything other than payments for goods or services that individual or entity provided directly to Diamondback) because immediate and irreparable injury, loss, or damage will result to the Movants if assets are moved away from Diamondback and used to fund other entities'

activities.[1]  Specifically, Movants request that Diamondback be enjoined from:

      a. selling, gifting, transferring, or encumbering any Diamondback assets outside of Diamondback's ordinary course of business; and

      b. incurring any expense or spending any money outside of Diamondback's ordinary course of business.

26. To the extent any bond is required to issue the requested injunction, Movants request that the Court retain the $25,000 bond payment Repeat Precision made in support of a Preliminary Injunction (ECF21) as the bond for this relief.

## VII.
## The Court Should Order an Accounting

27. Additionally, and alternatively, the Court should order Diamondback to disclose all transfers it made outside of the ordinary course of business since August 1, 2018.  Specifically, Movants request that Diamondback be required to identify all transfers or transactions where it:

      a. sold, gifted, transferred, or encumbered any Diamondback assets;

      b. incurred any expense or spent any money outside of Diamondback's ordinary course of business;

      c. incurred any expense or spent any money on behalf of any other entity or individual;

      d. made any transfer to AKOE, ATAR, Derrek Drury, Laura Drury, Tonya Cheek, and/or any Diamondback owner, officer or insider; or

      e. raised the salary or compensation package for any Diamondback owner, officer or insider.

---

[1] "The 'ordinary course of business' means 'the normal routine in managing a trade or business.'" *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co., Ltd.*, 2020 WL 1139638, at *3 (N.D. Cal. Mar. 9, 2020) (quoting *Nimkoff Rosenfeld & Schechter, LLP v. RKO Props., Ltd.*, 2011 WL 8955840, at *5 (S.D.N.Y. Apr. 7, 2011)).

## **Conclusion**

The Movants ask that the Court:

A. lift the stay and issue an abstract of judgment for filing in the real property records of any county in Texas or any other location in which Diamondback owns any interest in real property;

B. lift the stay and allow Movants to issue expedited discovery, requiring Diamondback to answer and respond to the proposed written discovery attached hereto within fourteen (14) days, and allowing for the deposition of the relevant corporate representatives;

C. lift the stay and allow Movants to issue expedited discovery to Derrek Drury, Laura Drury, Tonya Cheek, AKOE, and ATAR—individuals and entities related to Diamondback, requiring them to answer and respond to the written discovery attached hereto within fourteen (14) days and allowing for the deposition of the individuals and relevant corporate representatives;

D. lift the stay and allow Movants to issue expedited discovery to Benton Cantey (President), Reif Chron (CFO and General Counsel), Robert Boyce (COO), and Rob Andres (Senior Vice President of Ballistics Engineering and Product Development), officers of Diamondback, requiring them to answer and respond to the written discovery attached hereto within fourteen (14) days;

E. lift the stay and allow Movants to issue other non-related third-party discovery as needed to ascertain information on any assets of Diamondback, or assets that Diamondback may have transferred;

F. lift the stay and issue an injunction prohibiting Diamondback from disbursing any funds or assets outside of its ordinary course of business; and

G. order an accounting of transactions outside the ordinary course of business.

          Respectfully submitted,

          By:    /s/ *Richard A. Simmons*
                  Richard A. Simmons
                    Texas State Bar No. 24003600
                    rsimmons@ws-law.com

                  WALDRON & SCHNEIDER, PLLC
                  15150 Middlebrook Drive
                  Houston, Texas 77058
                  Tel: 281-488-4438
                  Fax: 281-488-4597

W. Scott Hastings
  Texas State Bar No. 24002241
  shastings@lockelord.com
Charles E. Phipps
  Texas State Bar No. 00794457
  cphipps@lockelord.com
Paul F. Schuster
  Texas State Bar No. 00784931
  pschuster@lockelord.com
Anna K. Finger
  Texas State Bar No. 24105860
  anna.k.finger@lockelord.com

LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Tel: 214-740-8000
Fax: 214-740-8800

**ATTORNEYS FOR REPEAT PRECISION, LLC, NCS MULTISTAGE, LLC, AND NCS MULTISTAGE HOLDINGS, INC.**

J. Hoke Peacock, III
 Texas State Bar No. 15673980
 tpeacock@susmangodfrey.com
Shawn L. Raymond
  Texas State Bar No. 24009236
  sraymond@susmangodfrey.com
Krisina J. Zuniga
  Texas State Bar No. 24098664
  kzuniga@susmangodfrey.com

SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 1000
Houston, Texas 77002
Telephone: (713) 653-7808

**ATTORNEYS FOR REPEAT PRECISION, LLC**

## **CERTIFICATE OF CONFERENCE**

I am filing this as an opposed motion. I certify that I emailed counsel for Diamondback Industries, Inc. the morning of April 8, 2020 regarding the relief requested herein. I advised them that I would be filing this motion on an emergency basis. After I reached out to Diamondback's counsel, they asked for the details of the motion. Accordingly, Movants are filing the motion so that Diamondback can assess its response without prejudicing Movants' need for expedited relief. Movants hope to update the court quickly if Diamondback is willing to agree to any of the relief that is requested.

/s/ *Richard A. Simmons*

## CERTIFICATE OF SERVICE

       I certify that on the 8th day of April, 2020, I served the foregoing Emergency Motion to Lift the FRCP 62(a) Stay on all counsel of record via the Court's ECF system and/or via email.

| | |
|---|---|
| W. Scott Hastings<br>shastings@lockelord.com<br>Charles E. Phipps<br>cphipps@locklord.com<br>Anna K. Finger<br>Anna.k.finger@lockelord.com<br>Paul F. Schuster<br>pschuster@lockelord.com<br>LOCKE LORD, LLP<br>2200 Ross Avenue, Suite 2800<br>Dallas, Texas 75201<br>ATTORNEYS FOR<br>REPEAT PRECISION, LLC<br>NCS MULTISTAGE, LL AND NCS<br>MULTISTAGE HOLDINGS, INC. | J. Hoke Peacock III<br>tpeacock@susmangodgrey.com<br>Shawn L. Raymond<br>Sraymond@susmangodfrey.com<br>Krisina J. Zuniga<br>kzuniga@susmangodfrey.com<br>SUSMAN GODFREY, LLP<br>1000 Louisiana St, Suite 5100<br>Houston, Texas 77002<br>(713) 651-9366<br>ATTORNEY FOR<br>REPEAT PRECISION, LLC |
| Decker A. Cammack<br>dcammack@whitakerchalk.com<br>David A. Skeels<br>dskeels@whitakerchalk.com<br>WHITAKER CHALK SWINDLE &<br>SCHWARTZ, PLLC<br>301 Commerce Street, Suite 3500<br>Fort Worth, Texas 76102<br>ATTORNEYS FOR DIAMONDBACK<br>INDUSTRIES, INC. | John P. Palmer<br>palmer@namanhowell.com<br>NAMAN, HOWELL, SMITH & LEE, PLLC<br>400 Austin Ave., Suite 800<br>Waco, Texas 76703<br>ATTORNEYS FOR DIAMONDBACK<br>INDUSTRIES, INC. |
| J. Mitchell Little<br>Mitch.little@solidcounsel.com<br>SCHEEF & STONE, LLP<br>2600 Network Blvd., Suite 400<br>Frisco, Texas 75034<br>ATTORNEYS FOR DIAMONDBACK<br>INDUSTRIES, INC. | Paul V. Storm<br>pvstorm@foley.com<br>FOLEY GARDERE<br>2021 McKinney Ave., suite 1600<br>Dallas, Texas 75201<br>ATTORNEYS FOR DIAMONDBACK<br>INDUSTRIES, INC. |
| David E. Keltner<br>David.keltner@kellyhart.com<br>Caitlyn Elizabeth Hubbard<br>Caitlyn.hubbard@kellyhart.com<br>KELLY HART & HALLMAN<br>201 Main Street, Suite 2500<br>Fort Worth, Texas 76102<br>ATTORNEY FOR DIAMONDBACK<br>INDUSTRIES, INC. | |

                                                           By:    /s/ *Richard A. Simmons*
                                                                           RICHARD A. SIMMONS