**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **DIAMONDBACK INDUSTRIES, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO. 6:19-CV-00034-ADA** |
| | § | **(Consolidated with 6:19-CV-00036-ADA)** |
| **REPEAT PRECISION, LLC; NCS** | § | |
| **MULTISTAGE, LLC; and NCS** | § | |
| **MULTISTAGE HOLDINGS, INC.,** | § | |
| | § | |
| **Defendants,** | § | |

**REPEAT PRECISION, LLC; NCS MULTISTAGE, LLC; and NCS MULTISTAGE HOLDINGS, INCS' REQUEST FOR POST JUDGEMENT PRODUCTION OF DOCUMENTS, INERROGATORIES, AND REQUEST FOR ADMISSIONS TO DIAMONDBACK INDUSTRIES, INC**

COMES NOW REPEAT PRECISION, LLC; NCS MULTISTAGE, LLC; and NCS MULTISTAGE HOLDINGS, INC., (collectively JUDGMENT CREDITORS) and makes this Post-Judgment Request for Production of Documents, Interrogatories, and Request for Admissions to Diamondback Industries, Inc., pursuant to the Federal Rules of Civil Procedure.

Pursuant to the Federal Rules of Civil Procedure and this Court's Order, you are required to provide complete written answers to the following interrogatories within ___ days of the date you receive them. True copies of your written answers must be served upon the undersigned attorney, RICHARD A. SIMMONS, Waldron & Schneider, 15150 Middlebrook Drive, Houston, Texas 77058. With regard to the interrogatories, you are instructed that failure to answer fully in writing any of the following interrogatories may result in the Court entering an order compelling you to file written answers, directing you to pay to the undersigned reasonable expenses incurred in securing such an order, including attorneys' fees, striking all of your pleadings in this litigation,

**EXHIBIT 10**

or securing a default judgment against you.  The interrogatories should be answered separately and fully and in writing under oath.  Answers to interrogatories shall be preceded by the interrogatory to which the answer pertains.  You are further notified that these interrogatories and your sworn answers to same may be offered in evidence at the trial of the above cause.

As to the requests for production, pursuant to the Federal Rules of Civil Procedure and this court's Order, a written response shall be served within ____ days of the service of the request. The requested documents shall be produced at the offices of Waldron & Schneider, PLLC or the documents may be attached to the written response.

As to the requests for admissions, pursuant to the Federal Rules of Civil Procedure and this court's Order, a written response shall be served within ____ days of the service of the request.

Following your answers and responses, you have an affirmative duty to supplement your answers and responses should you obtain information upon the basis of which:

(a)     you know the response given was incorrect or incomplete when made; or

(b)     you know the response, though correct and complete when made, is no longer true and complete and circumstances are such that a failure to amend the response is in substance misleading.

In connection with this Post Judgment Set of Interrogatories, Requests for Production of Documents, and Request for Admissions, the following definitions and instructions will apply:

## **DEFINITIONS**

The term you, your, "the corporation" and/or "DIAMONDBACK" when used herein, means Diamondback Industries, Inc. and shall specifically include all shareholders, employees, agents, officers, representatives, and attorneys of DIAMONDBACK and any independent investigator, professional or appraiser engaged by DIAMONDBACK.

The term document means any written, recorded, or graphic matter regardless of how recorded, and whether an original or a copy, including, but not limited to, the following: memoranda; reports; books; manuals; instructions; financial reports; working papers; records;

**EXHIBIT 10**

notes; letters; notices; confirmations; telegrams; receipts; appraisals; pamphlets; magazines; newspapers; prospectus; interoffice and intraoffice communications; electronic mail; contracts; cables; notations of any sort of conversation, telephone call, meeting, or other communication; bulletins; printed matter; computer printouts; teletypes; invoices; transcripts; diaries; analysis; returns; summaries; minutes; bills; accounts; estimates; projections; comparisons; messages; correspondence; e-mail; press releases; circulars; financial statements; reviews; opinions; offers; studies and investigations; questionnaires and surveys; and work sheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes, and amendments of any of the foregoing, as well as any attachments or appendices thereto); and graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, and motion pictures); and electronic, mechanical, and electric records or representations of any kind (including, without limitation, tapes, cassettes, disks, and recordings); and other written, printed type, or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, photograph, record, film, tape, disk, digital or video.

The term documents includes all documents, by whomever prepared, within the care, custody, or control of DIAMONDBACK, as well as documents that DIAMONDBACK has a legal right to obtain, to copy or have access to, and documents that they have placed in the temporary possession, custody, or control of any third party.

The term communication shall mean and include any transmission, receipt, or exchange of information between two or more persons, whether orally or in writing, and including, without limitation, any conversation or discussion by means of letter, e-mail, note, memorandum, telephone, telegraph, telex, telecopies, cable, text, social media or some other electronic or other medium.

The term meeting shall mean any contemporaneous presence of any natural persons, whether or not such presence was by chance or prearranged, and whether or not the meeting was formal or informal or in connection with some other activity.

The term person means and includes not only natural persons, but also all firms, partnerships, associations, trusts, joint ventures, corporations, governmental bodies, or any other organization, business, or legal entity and all predecessors or successors in interest.

The term entity means and includes any business organization, whatever its form, including, but not limited to, public or private corporations, partnerships, joint ventures, unincorporated associations, and individual proprietorships.

The term settlement as used herein means and includes any oral or written, disclosed or undisclosed, agreement, bargain, contract, settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on amount of liability or judgment, or a promise whereby you (or anyone on your behalf) have in any way settled, released or compromised in whole or in part, directly or indirectly, or agreed to do so in the future, any suit,

**EXHIBIT 10**

claim, cause of action, or demand  arising out of the incident and/or claims, which is made the basis of this lawsuit.

The term settlement is also meant to include any resolution of the differences between you (or on your behalf) and any other person, firm, or corporation by a loan or other device which is repayable in whole or in part out of any judgment that may be recovered against, or from any settlement with, this party or any other person, firm, or corporation.  The foregoing definitions of the term settlement are not meant to be limited to the variations mentioned hereinabove, but the intent of the definition is to include any type of arrangement or agreement including any agreement as to payment of attorneys' fees, litigation expenses, and living expenses, how the jury was selected, or as to the witnesses who was called, or as to the questions that were asked of any of the witnesses, or as to the exhibits which were offered, or as to the voir dire questions, opening statements, arrangements, or other statements or questions which were presented to the jury or the court.

The terms and and or shall be construed either conjunctively or disjunctively as required by the context.

Any term used in the singular shall be deemed to include the plural where appropriate and vice-versa.

Identify has the following meaning:

(a)     When used in reference to a natural person, it means to state the persons full name, driver's license number, and state of issuance, business affiliation, title, and the person's telephone number, residence address, and business address.

(b)     When used in reference to an entity other than a natural person, it means to state its full name, full name of organization, address of its principal office, and each of its present business addresses and telephone numbers;

(c)     When used in reference to a document, it means state:

(1)     the type of document (e.g., letter, memorandum, telegram, chart) or some like means of identifying it;

(2)     the name, address, business affiliation, and title of the author or signer thereof;

(3)     its date or dates;

(4)     the name, address, and position of all addressees and recipients;

(5)     its present location; and

**EXHIBIT 10**

(6)    the name, present address, and position of the person or persons having custody thereof.

(d)    If any such document was but no longer is in your possession or subject to your control, state what disposition was made of it.

(e)    When used in reference to basis/bases, it means the facts, information, or premises which comprise the foundation for an allegation including, but not limited to, names, dates, sources of information, locations, and any other relevant responsive facts.

(f)    With respect to each document covered by this request which DIAMONDBACK presently contends that it is not required to disclose because of any exemption, privilege, or work product doctrine;

(1)    identify each person who was present when it was prepared or who has seen such document;

(2)    identify every other document which refers to or discusses the contents of such document;

(3)    state the nature of the privilege or exemption asserted (e.g., self-incrimination, attorney-client, work-product);

(4)    identify all facts, statutes, or rules which you contend support the assertion of such privilege; and

(5)    identify each person who currently has possession of the document.

**EXHIBIT 10**

Respectfully submitted,

WALDRON & SCHNEIDER

By:     /s/_____
        RICHARD A. SIMMONS
        State Bar No.  24003600
        rsimmons@ws-law.com
        University Park
        15150 Middlebrook Drive
        Houston, Texas 77058
        281/488-4438 Telephone
        281/488-4597 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the foregoing was served via facsimile and/or electronic means on all relevant parties on the __ day of April, 2020

        /s/_____
        RICHARD A. SIMMONS

**EXHIBIT 10**

## **INTERROGATORIES**

**INTERROGATORY 1:**  State the full correct name of the corporation, each trade name or any subsidiary's name, the date of the formation of the corporation, the corporation's present complete address, the telephone number of each office of the corporation, and identify the shareholders and the officers of the corporation.

**RESPONSE:**

**INTERROGATORY 2:**  State the full address of each institution or business organization with whom the corporation has engaged in any business enterprise, project or venture in the past (2) two years.

**RESPONSE:**

**INTERROGATORY 3:**  State the date, place, and name of each person, institution, or business organization to whom the corporation has furnished or exhibited any statement of its financial condition during the past (2) two years.

**RESPONSE:**

**INTERROGATORY 4:**  State the full description and present locations and ownership of each asset or property shown on any financial statement listed in the proceeding question. If any such asset or property is not presently owned by the corporation, state the full details concerning its disposition by the corporation, including to whom it was transferred, when, and for what consideration.

**RESPONSE:**

**INTERROGATORY 5:**  If the corporation filed or prepared income tax returns during the past three (3) years, state the source, general details and amount of each item (or component) of income listed.  Please also include in your response any source of income not shown on such tax returns.

**RESPONSE:**

**INTERROGATORY 6:**  Describe in full all property both real and personal which the corporation owns or has an interest in and give the present value of the corporation's interest in the property.

**RESPONSE:**

**INTERROGATORY 7:**  If any of the real or personal property owned by the corporation, either individually, jointly, or otherwise, is encumbered by a real estate mortgage, chattel mortgage, or any other type of lien, or has been pledged to secure a debt, give a full description of all relevant data concerning such lien, mortgage or pledge, including, but not limited to, a description of the property encumbered or pledged, the nature of each encumbrance the amount of the debt, the name and address of the pledgee or the person who holds the encumbrance, and the name and address of

**EXHIBIT 10**

each person who paid the consideration for the encumbrance.

**RESPONSE:**

**INTERROGATORY 8:**  If the corporation has an ownership interest in any business, describe each business in full, giving the address, type of business, the value of the corporation's interest, and the name of each officer, director, member, manager or partner of the business, and if any articles of organization, partnership or certificate of doing business under a fictitious name were filed  with any government agency by any of the enterprises mentioned, state the nature of the document filed, the location of the office where filed, and the date of filing.

**RESPONSE:**

**INTERROGATORY 9:**  If the corporation owns any stocks, bonds, or other securities of any class, government, governmental organization, company, firm, or corporation whether foreign or domestic, describe in full each security or other evidence of ownership, the date on which each was acquired, how each was acquired and from whom, and the present location and custody of each bond or other certificate. Also please include in your response whether any of the identified securities are pledged, mortgaged or subject to an option to repurchase by anyone, and if so, identify the name and address of each person, firm, or corporation holding such interest and give a description of the interest.

**RESPONSE:**

**INTERROGATORY 10:**  Identify and describe in full all of the corporation's bank accounts, including checking, savings accounts in trust for another, or other accounts, and any safe deposit box or other depository. Please state the amount or contents of each, the identifying number for each account, the name and address of the bank, and the source of the deposits. Please also describe each incident where the contents of the abovementioned depositories have been removed and/or transferred during the past twenty four (24) months and identify any individual(s) taking such action.

**RESPONSE:**

**INTERROGATORY 11:**  Describe any interest of any kind in any patent, patent application or copyright which the corporation owns, stating the registry number of each and the name of each person, firm, or corporation who shares some interest in the patent or copyright and the amount or percentage of each such interest.

**RESPONSE:**

**INTERROGATORY 12:**  If the corporation has, at any time in the past three (3) years, paid the premiums on any life insurance policy, state the name and address of the company that issued it, the number of the policy, the face value of the policy on the death of the insured, the present cash value of the policy, the date the policy was issued, the total consideration paid to the company that issued it, the name insured under each policy, the date on which the payment was made, the name and address of each person who has custody of a copy of the document or contract, the name of the owner of the policy, and whether the name of the beneficiary of any of these insurance policies

**EXHIBIT 10**

has been changed in the past twelve (12) months.

**RESPONSE:**

**INTERROGATORY 13:** Describe in full any causes of action or claims for money against others on notes or otherwise, of any nature, which you have or have assigned in the past three (3) years.

**RESPONSE:**

**INTERROGATORY 14:** Describe each incident wherein, at any time in the past three (3) years, the corporation has given consideration for any property which has been conveyed or transferred and is now being held for the corporation or in the name of some person, institution, or business organization other than the corporation. Please include in your response the identity of any such person, institution, or business organization.

**RESPONSE:**

**INTERROGATORY 15:** Describe any property held by the corporation as trustee of a testamentary or intervivos trust, stating the name and address of the trustor and each beneficiary of the trust as well as any trust the corporation has created or contributed to for the benefit of others during the past three (3) years.

**RESPONSE:**

**INTERROGATORY 16:** If the corporation is an heir-at-law or beneficiary under the terms of the will of any person now deceased, state the nature and extent of the corporation's interest and the name of the decedent.

**RESPONSE:**

**INTERROGATORY 17:** List all accounts receivable in the corporation's business records by name, address, and amount due, and state whether, within the past twenty four (24) months, any of the accounts receivable have been assigned or otherwise disposed of other than by collection.

**RESPONSE:**

**INTERROGATORY 18:** Describe all property conveyed or disposed of by the corporation during the past three (3) years by sale, gift, or otherwise, stating the name and address of each person to whom the disposition was made. Please include in your response any conveyances, transfers, fits, or other dispositions of property made with any reservation of rights, benefits, or options running to the corporations for the reacquisition of the property at some future date and state the conditions.

**RESPONSE:**

**INTERROGATORY 19:** If the corporation has at any time in the past twelve (12) months either sold, transferred, or assigned, in bulk, all or a substantial part of the corporation's stock in trade or trade fixtures, describe the property disposed of, and state the name and address of each transferee or assignee and the date on which the transactions took place.

**EXHIBIT 10**

**RESPONSE:**

**INTERROGATORY 20:**  If any property of the corporation is rented, leased or otherwise in possession of a third party, state a description of the property, the name and address of the person, firm, or other entity who has possession of the property, whether the property is rented, leased, or otherwise in possession of a third party, the consideration received by the corporation and the name and address of the person who receives the rents, or other remuneration, for the corporation.

**RESPONSE:**

**INTERROGATORY 21:**  If the corporation, from the date of its incorporation to the date of these questions, suffered any casualty loss from fire, wind, theft, or otherwise, for each loss, state: a description of the property lost or damaged; the cause of the loss; the date of the loss; the amount of the loss; and whether the loss was covered by the insurance, and if so, the name of the insurer, the policy number and policy limits; whether a claim has been filed and if the claim has been paid and, if so, in what amount.

**RESPONSE:**

**INTERROGATORY 22:**  List all the creditors of the corporation by name and address, the amount of the debt owed, the date the debt was incurred, the consideration the corporation received for the debt, a description of the security given to secure the debt, and list, by name, address and amount, all payments the corporation has made to any creditor within the past twelve (12) months.

**RESPONSE:**

**INTERROGATORY 23:**  Describe all property which the corporation claims is exempt from the claims of its creditors and state the corporation's reason for claiming the property to be exempt.

**RESPONSE:**

**INTERROGATORY 24:**  If the corporation has prepared or issued a financial statement within the past three (3) years, state: why each financial statement was prepared and issued; the name and address of each person, firm, corporation, partnership, mercantile or trade agency, or other organization to whom each financial statement was issued; and the present ownership and location of each asset shown on any such statement.

**RESPONSE:**

**INTERROGATORY 25:**  If the corporation has, at any time during the past three (3) years, taken an inventory of its property, state: the date of inventory; the name and address of the person who took the inventory or supervised the taking of the inventory, the name and address of each person having possession of a copy of the inventory; the total dollar value of the corporation's property stated in the inventory; whether the inventory was taken at cost, market, or other valuation; why each inventory was taken; whether the inventory was of personal or business property; and the items included in the inventory.

**RESPONSE:**

**EXHIBIT 10**

## VERIFICATION

STATE OF TEXAS                          §

COUNTY OF _____   §


      BEFORE ME, the undersigned notary, on this day personally appeared _____, a person whose identity is known to me. After I administered an oath to him, upon his oath he stated:

      "My name is _____. I am capable of making this affidavit. Each and all of the foregoing Answers to Diamondback's Interrogatories are within my personal knowledge and are true and correct."


_____
   Signature of Affiant


      SUBSCRIBED AND SWORN to this _____day of _____, 2020.


_____
   Notary Public in and for the State of Texas


**EXHIBIT 10**

## REQUEST FOR PRODUCTION

1.      Your organizational documents, charter, minutes, by-laws and managing documents for the corporation.

      **RESPONSE:**

2.      All bank statements, check registers and canceled checks from all bank accounts of the corporation for the (36) thirty-six months preceding the date of this request, whether said accounts are now open or closed.

      **RESPONSE:**

3.      All insurance policies of every kind and nature, including but not limited to life insurance, key man, liability, workmen's compensation and *umbrella policies* (with all schedules, riders, supplements and endorsements), entered into by the corporation or any shareholders, officers and/or owners which are named insured(s) under any such policy or which the company has paid any premium, in whole or in part, during the (36) thirty-six months preceding the date of this request.

      **RESPONSE:**

4.      All United States Income Tax returns filed by the corporation, either separately or jointly with others, during the (36) thirty-six months preceding the date of this request including all schedules, information returns and declarations of estimated tax.

      **RESPONSE:**

5.      All deeds and documents of legal or equitable title for all real estate in which the corporation has any legal or equitable interest.

      **RESPONSE:**

6.      All certificates evidencing ownership of common or preferred capital stock in any corporation,  mutual fund, bond fund or investment trust issued to DIAMONDBACK or any attorneys-in-fact, agents, shareholders, officers, owners, servants, employees or trustees acting on the corporation's behalf or for the corporation's interest.

      **RESPONSE:**

7.      All leases or other executory contracts of whatever kind or nature to which the corporation is a party or in which the corporation has any legal or equitable interest.

      **RESPONSE:**

8.      All security documents and corresponding financing statements securing indebtedness owed by the corporation.

**EXHIBIT 10**

**RESPONSE:**

9.    All security documents and corresponding financing statements securing indebtedness owed to the corporation.

      **RESPONSE:**

10.    All financial statements, including balance sheets and profit and loss statements, issued within the last (3) three years by the corporation.

      **RESPONSE:**

11.    All financial statements, including balance sheets and profit and loss statements, issued within the last (4) four years by the corporation.

      **RESPONSE:**

12.    All passbooks, current statements, or other documents evidencing current status of all savings accounts, profit sharing plan accounts, pension plan accounts, individual retirement accounts, KEOGH plan accounts and certificates of deposit in which the corporation has any legal or equitable interest as of the date of the request.

      **RESPONSE:**

13.    All records of accounts, notes and/or receivables owned by the corporation for the (36) thirty-six months preceding the date of the request.

      **RESPONSE:**

14.    A complete list of all accounts, notes and/or receivable due to the corporation showing amounts owed and names of entities owing funds to the corporation as of the date of service of this notice.

      **RESPONSE:**

15.    All documents evidencing money or deposit in accounts in banks, savings institutions, brokerage houses or other financial institutions, which accounts stand in the corporation's name or which the corporation has the right to withdraw funds or which are subject to the control of the corporation.

      **RESPONSE:**

16.    All bonds, debentures, promissory notes and other evidence of indebtedness payable to the corporation or any agent, trustee, attorney-in-fact, shareholder, officer, owner or any other person or entity acting on its behalf.

**EXHIBIT 10**

**RESPONSE:**

17.    All Joint Venture Agreements, Limited Partnership Agreements, Certificates of Limited Partnership and Partnership Agreements executed by the corporation or any agent, trustee, attorney-in-fact, shareholder, officer, owner or any other person acting in behalf of or for the corporation.

**RESPONSE:**

18.    All certificates of title, licensing and registration for any and all motorcycles, automobiles, trucks, cabs, motor homes, mobile homes, boats, airplanes and livestock held in the name of the corporation.

**RESPONSE:**

19.    All cashier's checks, money orders, certificates of deposit, traveler's checks, drafts, letters of credit, bills of exchange or other commercial paper payable to bearer or the corporation or any agent, trustee, attorney-in-fact, shareholder, officer, owner or any other person acting on behalf of the corporation in the possession of or under the control of the corporation.

**RESPONSE:**

20.    All Oil and Gas Leases and Division Orders in which the corporation has any interest, either as Lessor, Lessee, Trustee or Beneficiary.

**RESPONSE:**

21.    All documents showing transfers of funds or assets to AKOE, LLC, or its members, managers, officers and/or owners; or any related organizations.

**RESPONSE:**

22.    All documents showing payments of expenses on behalf of AKOE, LLC, or its members, managers, officers and/or owners; or any related organizations. or any related organizations

**RESPONSE:**

23.    All documents showing transfers of assets to ATAR, LLC, or its members, managers, officers and/or owners; or any related organizations.

**RESPONSE:**

24.    All documents showing payments of expenses on behalf of ATAR, LLC, or its members,

**EXHIBIT 10**

managers, officers and/or owners; or any related organizations.

**RESPONSE:**

25.    All documents showing transfers of funds or assets to WatchTower Ranch, LLC, or its members, managers, officers and/or owners; or any related organizations.

**RESPONSE:**

26.    All documents showing payments of expenses on behalf of WatchTower Ranch, LLC, or its members, managers, officers and/or owners; or any related organizations.

**RESPONSE:**

27.    All documents showing title, registration, and payments of any kind, including but  not limited to payments for acquiring, maintaining and/or operating expenses for the Cessna 750, Serial Number 750-0140.

**RESPONSE:**

**EXHIBIT 10**

## REQUEST FOR ADMISSIONS

1.    DIAMONDBACK has a bank account.

       **RESPONSE:**

2.    DIAMONDBACK has a savings account.

       **RESPONSE:**

3.    DIAMONDBACK owns a vehicle.

       **RESPONSE:**

4.    DIAMONDBACK owns jewelry.

       **RESPONSE:**

5.    DIAMONDBACK owns more than $60,000.00 worth of art.

       **RESPONSE:**

6.    DIAMONDBACK owns property not readily attachable by ordinary means.

       **RESPONSE:**

7.    DIAMONDBACK is insolvent.

       **RESPONSE:**

8.    DIAMONDBACK cannot pay its bills as they come due.

       **RESPONSE:**

9.    DIAMONDBACK has certificates of deposit.

       **RESPONSE:**

10.   DIAMONDBACK owns at least one boat.

       **RESPONSE:**

11.   DIAMONDBACK owns at least on motorcycle.

       **RESPONSE:**

**EXHIBIT 10**

12.     DIAMONDBACK owns contract rights against another individual or business.

    **RESPONSE:**

13.     DIAMONDBACK owns securities.

    **RESPONSE:**

14.     DIAMONDBACK owns marketable securities.

    **RESPONSE:**

15.     DIAMONDBACK owns negotiable instruments, including promissory notes, drafts and checks.

    **RESPONSE:**

16.     DIAMONDBACK owns or has present and future contract rights against another individual and/or business.

    **RESPONSE:**

17.     DIAMONDBACK owns a plane.

    **RESPONSE:**

18.     DIAMONDBACK owns a patent.

    **RESPONSE:**

19.     DIAMONDBACK owns intellectual property.

    **RESPONSE:**

20.     DIAMONDBACK has a pending lawsuit against another individual.

    **RESPONSE:**

21.     DIAMONDBACK has a pending lawsuit against a business.

    **RESPONSE:**

22.     DIAMONDBACK has a pending lawsuit, in its name, against another individual.

    **RESPONSE:**

**EXHIBIT 10**

23.   DIAMONDBACK has an account at a credit union.

     **RESPONSE:**

24.   DIAMONDBACK owns property that cannot readily be attached or levied on by ordinary legal process.

     **RESPONSE:**

25.   DIAMONDBACK owns property that cannot readily be attached or levied on by ordinary legal process and the property is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.

     **RESPONSE:**

26.   DIAMONDBACK owns a partnership interest in at least one business.

     **RESPONSE:**

27.   DIAMONDBACK owns shares in at least one business.

     **RESPONSE:**

28.   DIAMONDBACK owns stock in at least one business.

     **RESPONSE:**

**EXHIBIT 10**