## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| DIAMONDBACK INDUSTRIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. 6:19-CV-00034-ADA |
| | § | (Consolidated with 6:19-CV-00036-ADA) |
| REPEAT PRECISION, LLC; NCS | § | |
| MULTISTAGE, LLC; and NCS | § | |
| MULTISTAGE HOLDINGS, INC., | § | |
| | § | |
| Defendants, | § | |

## REPEAT PRECISION, LLC; NCS MULTISTAGE, LLC; and NCS MULTISTAGE HOLDINGS, INCS' REQUEST FOR POST JUDGEMENT PRODUCTION OF DOCUMENTS TO DERREK DRURY

COMES NOW REPEAT PRECISION, LLC; NCS MULTISTAGE, LLC; and NCS MULTISTAGE HOLDINGS, INC., (collectively JUDGMENT CREDITORS) and makes this Post-Judgment Request for Production of Documents to DERREK DRURY, pursuant to the Federal Rules of Civil Procedure.

Pursuant to the Federal Rules of Civil Procedure and this Court's Order, a written response shall be served within _____ days of the service of the request. The requested documents shall be produced at the offices of Waldron & Schneider, PLLC, attorneys for the JUDGMENT CREDITORS; or the documents may be attached to the written response.

Following your answers and responses, you have an affirmative duty to supplement your answers and responses should you obtain information upon the basis of which:

(a)      You know the response given was incorrect or incomplete when made; or

EXHIBIT 13

(b)    You know the response, though correct and complete when made, is no longer true and complete and circumstances are such that a failure to amend the response is in substance misleading.

In connection with this Post Judgment Requests for Production of Documents, the following definitions and instructions will apply:

## **DEFINITIONS**

The term you, your, and/or "DERREK DRURY" when used herein, means DERREK DRURY, individually and shall specifically include all agents, representatives, and attorneys of DERREK DRURY and any independent investigator, professional or appraiser engaged by DERREK DRURY

The term document means any written, recorded, or graphic matter regardless of how recorded, and whether an original or a copy, including, but not limited to, the following: memoranda; reports; books; manuals; instructions; financial reports; working papers; records; notes; letters; notices; confirmations; telegrams; receipts; appraisals; pamphlets; magazines; newspapers; prospectus; interoffice and intraoffice communications; electronic mail; contracts; cables; notations of any sort of conversation, telephone call, meeting, or other communication; bulletins; printed matter; computer printouts; teletypes; invoices; transcripts; diaries; analysis; returns; summaries; minutes; bills; accounts; estimates; projections; comparisons; messages; correspondence; e-mail; press releases; circulars; financial statements; reviews; opinions; offers; studies and investigations; questionnaires and surveys; and work sheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes, and amendments of any of the foregoing, as well as any attachments or appendices thereto); and graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, and motion pictures); and electronic, mechanical, and electric records or representations of any kind (including, without limitation, tapes, cassettes, disks, and recordings); and other written, printed type, or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, photograph, record, film, tape, disk, digital or video.

The term documents includes all documents, by whomever prepared, within the care, custody, or control of DERREK DRURY, as well as documents that DERREK DRURY has a legal right to obtain, to copy or have access to, and documents that they have placed in the temporary possession, custody, or control of any third party.

The term communication shall mean and include any transmission, receipt, or exchange of information between two or more persons, whether orally or in writing, and including, without limitation, any conversation or discussion by means of letter, e-mail, note, memorandum,

**EXHIBIT 13**

telephone, telegraph, telex, telecopies, cable, text, social media or some other electronic or other medium.

The term meeting shall mean any contemporaneous presence of any natural persons, whether or not such presence was by chance or prearranged, and whether or not the meeting was formal or informal or in connection with some other activity.

The term person means and includes not only natural persons, but also all firms, partnerships, associations, trusts, joint ventures, corporations, governmental bodies, or any other organization, business, or legal entity and all predecessors or successors in interest.

The term entity means and includes any business organization, whatever its form, including, but not limited to, public or private corporations, partnerships, joint ventures, unincorporated associations, and individual proprietorships.

The term settlement as used herein means and includes any oral or written, disclosed or undisclosed, agreement, bargain, contract, settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on amount of liability or judgment, or a promise whereby you (or anyone on your behalf) have in any way settled, released or compromised in whole or in part, directly or indirectly, or agreed to do so in the future, any suit, claim, cause of action, or demand  arising out of the incident and/or claims, which is made the basis of this lawsuit.

The term settlement is also meant to include any resolution of the differences between you (or on your behalf) and any other person, firm, or corporation by a loan or other device which is repayable in whole or in part out of any judgment that may be recovered against, or from any settlement with, this party or any other person, firm, or corporation.  The foregoing definitions of the term settlement are not meant to be limited to the variations mentioned hereinabove, but the intent of the definition is to include any type of arrangement or agreement including any agreement as to payment of attorneys' fees, litigation expenses, and living expenses, how the jury was selected, or as to the witnesses who was called, or as to the questions that were asked of any of the witnesses, or as to the exhibits which were offered, or as to the voir dire questions, opening statements, arrangements, or other statements or questions which were presented to the jury or the court.

The terms and and or shall be construed either conjunctively or disjunctively as required by the context.

Any term used in the singular shall be deemed to include the plural where appropriate and vice-versa.

Identify has the following meaning:

**EXHIBIT 13**

(a)     When used in reference to a natural person, it means to state the persons full name, driver's license number, and state of issuance, business affiliation, title, and the person's telephone number, residence address, and business address.

(b)     When used in reference to an entity other than a natural person, it means to state its full name, full name of organization, address of its principal office, and each of its present business addresses and telephone numbers;

(c)     When used in reference to a document, it means state:

    (1)     the type of document (e.g., letter, memorandum, telegram, chart) or some like means of identifying it;

    (2)     the name, address, business affiliation, and title of the author or signer thereof;

    (3)     its date or dates;

    (4)     the name, address, and position of all addressees and recipients;

    (5)     its present location; and

    (6)     the name, present address, and position of the person or persons having custody thereof.

(d)     If any such document was but no longer is in your possession or subject to your control, state what disposition was made of it.

(e)     When used in reference to basis/bases, it means the facts, information, or premises which comprise the foundation for an allegation including, but not limited to, names, dates, sources of information, locations, and any other relevant responsive facts.

(f)     With respect to each document covered by this request which DERREK DRURY presently contends that it is not required to disclose because of any exemption, privilege, or work product doctrine;

    (1)     identify each person who was present when it was prepared or who has seen such document;

    (2)     identify every other document which refers to or discusses the contents of such document;

    (3)     state the nature of the privilege or exemption asserted (e.g., self-incrimination, attorney-client, work-product);

**EXHIBIT 13**

(4)    identify all facts, statutes, or rules which you contend support the assertion of such privilege; and

(5)    identify each person who currently has possession of the document.


Respectfully submitted,

WALDRON & SCHNEIDER

By:    /s/_____
RICHARD A. SIMMONS
State Bar No.  24003600
rsimmons@ws-law.com
University Park
15150 Middlebrook Drive
Houston, Texas 77058
281/488-4438 Telephone
281/488-4597 Facsimile


## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the foregoing was served via facsimile and/or electronic means on all relevant parties on the __ day of April, 2020


/s/_____
RICHARD A. SIMMONS


**EXHIBIT 13**

## REQUEST FOR PRODUCTION

1.      All bank statements, check registers and canceled checks from all bank accounts of DERREK DRURY for the (36) thirty-six months preceding the date of this request, whether said accounts are now open or closed showing any funds transferred from Diamondback Industries, Inc., or its shareholders, officers and/or owners.

        **RESPONSE:**

2.      All insurance policies of every kind and nature, including but not limited to life, disability, liability, workmen's compensation and *umbrella policies* (with all schedules, riders, supplements and endorsements), on which Diamondback Industries, Inc., has paid any premium, in whole or in part, and DERREK DRURY is a named insured under any such policy, during the (36) thirty-six months preceding the date of this request.

        **RESPONSE:**

3.      All United States Income Tax returns filed by you, either separately or jointly with others, during the (36) thirty-six months preceding the date of this request including information returns and declarations of estimated tax showing any loans, gifts, transfers or other references to Diamondback Industries, Inc. or its shareholders, officers and/or owners.

        **RESPONSE:**

4.      All deeds and documents of legal or equitable title for all real estate in which DERREK DRURY has any legal or equitable interest that Diamondback Industries, Inc. or its shareholders, officers and/or owners funds were used to purchase or pay for the real estate or any improvements, maintenance or upkeep.

        **RESPONSE:**

5.      All leases or other executory contracts of whatever kind or nature to which DERREK DRURY is a party or in which you have any legal or equitable interest related to Diamondback Industries, Inc, or its shareholders, officers and/or owners.

        **RESPONSE:**

6.      All security documents and corresponding financing statements securing indebtedness owed by DERREK DRURY to Diamondback Industries, Inc. or its shareholders, officers and/or owners.

        **RESPONSE:**

7.      All security documents and corresponding financing statements securing indebtedness owed to DERREK DRURY by Diamondback Industries, Inc. or its shareholders, officers and/or owners.

**EXHIBIT 13**

**RESPONSE:**

8.    All financial statements, including balance sheets and profit and loss statements, issued within the last (4) four years by DERREK DRURY that reference Diamondback Industries, Inc. or its shareholders, officers and/or owners.

**RESPONSE:**

9.    All passbooks, current statements, or other documents evidencing current status of all savings accounts, profit sharing plan accounts, pension plan accounts, individual retirement accounts, KEOGH plan accounts and certificates of deposit in which DERREK DRURY has any legal or equitable interest as of the date of the request showing any funds transferred from Diamondback Industries, Inc., or its shareholders, officers and/or owners.

**RESPONSE:**

10.    All documents evidencing money or deposit in accounts in banks, savings institutions, brokerage houses or other financial institutions, in the name of DERREK DRURY, or any spouse, agent, officer, attorney-in-fact or trustee acting in behalf of or for you, that show funds transferred from Diamondback Industries, Inc., or its shareholders, officers and/or owners.

**RESPONSE:**

11.    All Joint Venture Agreements, Limited Partnership Agreements, Certificates of Limited Partnership and Partnership Agreements executed by DERREK DRURY or any spouse, agent, officer, attorney-in-fact or trustee acting in behalf of or for you, related to Diamondback Industries, Inc. or its shareholders, officers and/or owners.

**RESPONSE:**

12.    All documents evidencing any interest of any kind in any patent, patent application or copyright which you own, stating the registry number of each and the name of each person, firm, entity or corporation which shares some interest in the patent or copyright and the amount or percentage of each interest that any funds of Diamondback Industries, Inc., or its shareholders, officers and/or owners has been used to purchase, maintain, prosecute or develop any such patent, patent application or copyright.

**RESPONSE:**

13.    All certificates of title, licensing and registration for any and all motorcycles, automobiles, trucks, trailers, motor homes, mobile homes, boats, airplanes, livestock or other asset(s), in the name of DERREK DRURY, or any spouse, agent, officer, attorney-in-fact or trustee acting in behalf of or for you, wherein any funds from Diamondback Industries, Inc., or its shareholders, officers and/or owners have been used to purchase or maintain any such asset.

**EXHIBIT 13**

**RESPONSE:**

14.    All documents showing transfers of assets from DERREK DRURY to Diamondback Industries, Inc., or its shareholders, officers and/or owners.

    **RESPONSE:**

15.    All documents showing transfers of assets to DERREK DRURY from Diamondback Industries, Inc., or its shareholders, officers and/or owners.

    **RESPONSE:**

16.    All documents showing consideration for any transfers of assets from DERREK DRURY to Diamondback Industries, Inc. or its shareholders, officers and/or owners.

    **RESPONSE:**

17.    All documents showing consideration for any transfers of assets to DERREK DRURY from Diamondback Industries, Inc. or its shareholders, officers and/or owners.

    **RESPONSE:**

18.    All documents showing transfers of assets to DERREK DRURY from AKOE, LLC, or its members, managers, officers and/or owners.

    **RESPONSE:**

19.    All documents showing transfers of assets from DERREK DRURY to AKOE, LLC, or its members, managers, officers and/or owners.

    **RESPONSE:**

20.    All documents showing consideration for any transfers of assets to DERREK DRURY from AKOE, LLC, or its members, managers, officers and/or owners.

    **RESPONSE:**

21.    All documents showing consideration for any transfers of assets from DERREK DRURY to AKOE, LLC, or its members, managers, officers and/or owners.

    **RESPONSE:**

22.    All documents showing transfers of assets to DERREK DRURY from ATAR, LLC, or its members, managers, officers and/or owners.

**EXHIBIT 13**

**RESPONSE:**

23.    All documents showing transfers of assets from DERREK DRURY to ATAR, LLC, or its members, managers, officers and/or owners.

**RESPONSE:**

24.    All documents showing consideration for any transfers of assets to DERREK DRURY from ATAR, LLC, or its members, managers, officers and/or owners.

**RESPONSE:**

25.    All documents showing consideration for any transfers of assets from DERREK DRURY to ATAR, LLC, or its members, managers, officers and/or owners.

**RESPONSE:**

26.    All documents showing transfers of assets to DERREK DRURY from WatchTower Ranch, LLC, or its members, managers, officers and/or owners.

**RESPONSE:**

27.    All documents showing transfers of assets from DERREK DRURY to WatchTower Ranch, LLC, or its members, managers, officers and/or owners.

**RESPONSE:**

28.    All documents showing consideration for any transfers of assets to DERREK DRURY from WatchTower Ranch, LLC, or its members, managers, officers and/or owners.

**RESPONSE:**

29.    All documents showing consideration for any transfers of assets from DERREK DRURY to WatchTower Ranch, LLC, or its members, managers, officers and/or owners.

**RESPONSE:**

EXHIBIT 13